[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, the town of Stafford and its selectmen, John Julian, Bruce Dutton, and Gordon Frassinelli, move to strike the tenth through fifteenth counts of the second amended complaint filed by the plaintiff, Edward R. Grant, individually and as Chief of the Stafford Springs Volunteer Fire Department, Inc., another plaintiff.
A motion to strike "admits all the facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
 I
The tenth count attempts to set forth a claim that the defendants intentionally inflicted emotional distress upon Grant by relieving the Stafford Springs Volunteer Fire Department of any emergency response duties, redistricting the other fire departments to cover the plaintiff's former response territory, seizing assets of the Department, locking out the plaintiffs, and discontinuing broadcast of emergency calls on the Department's communications frequency. The count further alleges that these actions were taken publicly and with the intent to cause severe emotional distress to Grant by stripping him of his duties and position as Chief of the Department.
Liability for the intentional infliction of emotional distress requires that the plaintiff plead and prove (1) that the actor intended to inflict emotional distress; or that the actor knew or should have known such CT Page 2171 distress was likely to result from such conduct by the actor; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff's distress; and (4) that the emotional distress suffered was severe, Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 711 (2000). The misconduct in question must exceed "all bounds usually tolerated by decent society" and have "a nature which is especially calculated to cause . . . mental distress of a very serious kind," Bell v. Board ofEducation, 55 Conn. App. 400, 409 (1999).
Assuming the factual allegations of the tenth count to be true, these allegations are insufficient to state a cause of action for intentional infliction of emotional distress. The second element of such a claim, as noted above, demands that the activity engaged in by the defendants must be so reprehensible as to be considered extreme, outrageous, and exceeding all limits of decent behavior. In the present case, the plaintiff avers that fiscal disagreements motivated the defendants to attempt, unsuccessfully, to impeach Grant and remove him from his position. Because the selectmen could not fire Grant, they adopted the alternative approach of eliminating the Department over which he presided.
The dissatisfaction with Grant's performance and dismantling of the Department was publicly discussed by the defendants. Every removal from public office entails public scrutiny and comment. Count ten lacks any allegation that the public announcement of the selectmens' actions wasespecially abusive, humiliating, or held Grant unnecessarily, up to public scorn, beyond such distress which would ordinarily accompany any involuntary removal from office. The mere fact of removal, even if that action is unwarranted and unjustified, is inadequate to constitute extreme or outrageous conduct, Parsons v. United Technologies Corp.,243 Conn. 66, 88 (1997).
The court concludes, as a matter of law, that such conduct as alleged in the tenth count is not extreme, outrageous, or so offensive as to exceed "all bounds" of decency. The motion to strike is granted as to the tenth count.
 II
The eleventh count claims that the defendants are liable to Grant for abuse of process. The plaintiff concedes, however, that this count lacks any allegation that the defendants misused any form of legal process. Instead, this plaintiff contends that even private activity, unrelated to legal procedure, is encompassed by the word "process." The court rejects this contention. CT Page 2172
Liability for abuse of process pertains to persons who use "a legal
process against another in an improper manner or to accomplish a purpose for which it was not designed." Mozzochi v. Beck, 204 Conn. 490, 494
(1987), emphasis added. The eleventh count makes no claim that the defendants engaged in any legal procedure or process, much less abused such process. This count is stricken, also.
 III
Counts twelve through fifteen all relate to a claim of defamation of Grant, in one form or another, by Julian.
Grant is the fire chief of the Stafford Springs Volunteer Fire Department and is, therefore a public official with respect to defamation claims, Schnabel v. Tyler, 32 Conn. App. 704 (1993). Public officials are prohibited from recovery of damages for defamatory falsehood unless the public official can prove that the derogatory and untrue statement was made with "actual malice," i.e. with knowledge of its falsity or with reckless disregard for its veracity, Holbrook v. Casazza, 204 Conn. 336,342 (1987). The plaintiff bears the burden of proving actual malice by clear and convincing evidence, Moriarty v. Lippe, 162 Conn. 371, 379
(1972).
A pleader must plead one or more facts supporting each element of a cause of action, and failure to so plead subjects the matter to being stricken upon motion, Stephenson's Connecticut Civil Procedure (3d Ed 1997), § 40, p. BO and § 45, p. 138. Consequently, a public official must always allege facts showing actual malice in order to set forth a good cause of action for defamation, Sevetz v. Coe, Superior Court, Hartford J.D., d.n. 700275 (December 26, 1990), Maloney, J.
Counts twelve through fifteen are devoid of statements of fact which directly or through inference support a conclusion that Julian's letter to town residents was false, that he knew it to be false, or uttered it with reckless disregard for the truth. These counts merely aver that Julian distributed letters critical of Grant's performance as fire chief. The absence of these essential allegations necessitates the striking of these counts.
The defendant's motion to strike counts ten through fifteen of the second amended complaint is granted.
Sferrazza, J. CT Page 2173